[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY THE TRIAL JUDGE
This motion to disqualify the trial court arises out of a post trial motion for sanctions in the case of Yvonne Cloutier v. Liberty MutualInsurance Company which this court decided on September 30, 1998. In that case, the plaintiff alleged bad faith on the part of the defendant in its handling of her worker's compensation case, as well as counts sounding in tortious interference with contract, violation of the Connecticut Unfair CT Page 10960 Trade Practices Act and a violation of the Connecticut Unfair Insurance Practices Act. The court decided the issues in favor of the defendant. On October 15, 1998, the defendant filed a Motion for Sanctions and to Vacate Privileged Rulings against the plaintiff and her attorney, Lawrence Parnoff. The Motion for defendant's legal fees in excess of $300,000 over an eight year period in defending this suit. The motion basically accuses the plaintiff and Attorney Parnoff of bad faith initiation of this suit without a reasonable factual or legal basis and thereafter bad faith conduct over the next eight years in pursuing the case.
By the time of trial, Yvonne Cloutier had died and her estate acting by her husband was substituted as the plaintiff.
For a recitation of the facts in this case, reference is made to the court's oral Memorandum of Decision delivered on September 30, 1998. Thereafter, on August 6, 1999, Attorney Parnoff on behalf of the plaintiff moved to disqualify the trial judge from hearing this matter on two purported grounds: (1) that the trial judge by his decision in the underlying case had somehow prejudged the issues central to a disposition of this motion and (2) by his actions and conduct, the trial judge somehow evidenced a personal relationship with one or more members of the defendant's law firm (unnamed), had an ex parte discussion with defendant's counsel prior to the filing of this motion as well as comments the trial court made which Attorney Parnoff alleges seemed to solicit this motion.
An appeal was taken to the Appellate Court in the underlying action and the trial court was affirmed in a per curium opinion. The plaintiff's Motion for Certification to the Connecticut Supreme Court was denied. Thereafter defendant's counsel requested the court to attend to this motion. On July 10, 2001, Attorney Anthony Nuzzo filed a Motion to Disqualify the Trial Judge on behalf of Attorney Parnoff along with its affidavit and good faith certification and a hearing was held on July 16, 2001, on the plaintiff's and Attorney Parnoff's Motions to Disqualify the Trial Judge. Attorney Parnoff appeared on behalf of the plaintiff and the law firm of Nuzzo Roberts, LLC, appeared on behalf of Attorney Parnoff.
On July 12, 2001, on behalf of the plaintiff, Attorney Parnoff filed an affidavit and certificate of good faith wherein he expanded on his reason to disqualify the trial judge. He again reiterated his claim that "off the record and at the end of evidence, Judge Gormley inquired as to whether defense counsel was planning to file a post judgment motion, indicating an apparent solicitation of Liberty's motion for sanctions." He now claims that this apparent solicitation was off the record, because CT Page 10961 it certainly was not on the record and it simply did not happen. To his earlier claim of an ex parte meeting between the court and defense counsel prior to the filing of this motion, he has now expanded it to several occasions that defense counsel spoke in chambers alone with Judge Gormley. He does not specify when these might have occurred and never other than on August 6, 1996, and July 12, 2001, has he in court or on appeal made such accusations.
He lastly refers to a case, Laurence V. Parnoff, P.C. v. The City ofBridgeport, docket no. CV97-0342857S, a tax appeal, tried by this court shortly after the instant case. In that case Mr. Parnoff was represented by counsel. No one moved to disqualify the trial judge in that case. The court rendered judgment for the defendant, and Mr. Parnoff appealed to the Appellate Court. Again, the trial court was affirmed in a per curium opinion. Not only did the trial court not disregard uncontested testimony, as alleged by Mr. Parnoff, but none was presented by the plaintiff in support of his complaint.
It is of interest to note that Attorney Nuzzo does not make any of these baseless personal allegations against the trial court on behalf of Attorney Parnoff.
The defendant, on July 16. 2001, orally moved to dismiss Attorney Nuzzo's Motion to Disqualify on behalf of Attorney Parnoff as untimely. That motion is denied. Defense counsel further expressed some confusion as to whether Attorney Nuzzo's motion on behalf of Parnoff replaced, supplemented, or was wholly separate from the plaintiff's motion filed by Attorney Parnoff on August 6, 1999. This court will treat them as separate motions.
Therefore, the Motion to Disqualify filed by Attorney Parnoff on August 6, 1999, is treated as only applying to his client, the current plaintiff. The Motion to Disqualify filed by Attorney Nuzzo on July 10, 2001, is the only one filed on behalf of Attorney Parnoff and the bad faith claims being made against him individually.
To simplify the matter for the future, this court will deny Liberty's Motion for Sanctions and to Vacate Privileged Ruling dated October 15, 1998, as against the plaintiff Yvonne Cloutier or her estate or administrator. There is insufficient evidence to support this claim as to her personally. She did not even see the complaint before it was served. Therefore, the court need not entertain Attorney Parnoff's motion on her behalf to disqualify the trial court because the issue is moot as to the plaintiff. Despite that, the court cannot leave that issue without characterizing the personal accusations against the trial judge as false, unfounded and outrageous. CT Page 10962
In Attorney Nuzzo's Motion to Disqualify the trial court, he initially requests that this motion be heard by another judge. That request is denied. The main support for the motion is that somehow the trial court in its decision of September 30, 1998, by its language, has already determined that sanctions are warranted in this matter. Nothing could be further from the truth. In its decision in the underlying case, the trial court attempted to be absolutely clear that the plaintiff failed to sustain her burden of proof.
The only language quoted by Attorney Nuzzo from the trial court's opinion in support of its motion is the following:
 The evidence to support any of those claims as of November 30, 1990 are so totally lacking that if that was the only evidence in this case, the court would either have granted summary judgment or have granted a defendant's motion for a directed verdict at the close of the plaintiff's case.
Counsel goes on to argue, "By virtue of that opinion, he has already determined that Attorney Parnoff acted in bad faith." That simply is not the case. This court is not going to waste time describing what is or is not necessary to grant summary judgment. Everyone should understand that. This court also does not think it needs to explain the criteria for granting a directed verdict or dismissal under Practice Book § 15-8. What is absolutely clear is that neither of those actions is tantamount to a finding of bad faith. Taking counsel's argument to its logical conclusion would lead to the ridiculous position that in any case where a judge grants summary judgment, a directed verdict, or a dismissal in a court case, he or she would be precluded from ever hearing a motion for sanctions in that case.
On the general subject of sanctions for bad faith initiation and conduct of a law suit, our Supreme Court in the case of CFM ofConnecticut v. Chowdbury, 239 Conn. 375, 393-95, (1996), stated:
 As a substantive matter, "[t]his state follows the general rule that, except as provided by statute or in certain defined exceptional circumstances, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); Ernst Steel Corporation v. Reliance Ins. Co., 13 Conn. App. 253, 261, 536 A.2d 969 (1988). That rule does not apply, CT Page 10963 however, where the opposing party has acted in bad faith. Roadway Express, Inc. v. Piper; [447 U.S. 752, 765-66, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)] It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Id., 766; Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 344 (2d Cir. 1986). This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. Roadway Express, Inc. v. Piper; supra, 766, quoting Hall v. Cole, 412 U.S. 1, 15, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). It applies both to the party and his counsel. Roadway Express, Inc. v. Piper; supra 11766]. Moreover, the trial court must make a specific finding as to whether counsel's [or a party's] conduct . . . constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers to impose attorney's fees for engaging in bad faith litigation practices. Id.
 "We agree, furthermore, with certain principles articulated by the Second Circuit Court of Appeals in determining whether the bad faith exception applies. To ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . and a high degree of specificity in the factual findings of [the] lower courts. (Citations omitted.) Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A., supra, 1782 F.2d 344], quoting Weinberger v. Kendrick, 698 F.2d 61, 80 (2d Cir. 1982). Whether a claim is colorable, for purposes of the bad-faith exception, is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established. (Emphasis in original.) Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A., supra, 344, quoting Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980). To determine whether the bad faith exception applies, the CT Page 10964 court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its wilful violations of court orders; [t]he appropriate focus for the court . . . is the conduct of the party in instigating or maintaining the litigation. Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A., supra, 345. Cf. Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253
(2d Cir. 1985) (F.R.Civ.P. 11 has more expansive standard for imposition of sanctions than court's inherent powers)." (Internal quotation marks omitted.) Fattibene v. Kealey, supra, 18 Conn. App. 360-61.
In this court's mind there is little or no similarity between a determination of an issue of bad faith and a decision on summary judgment, directed verdict or dismissal. To put it simply, this court has never opined about or decided any issue of bad faith. This court has further reviewed the cases cited by Attorney Nuzzo in his brief in support of disqualification and none of them are remotely similar factually to this case. The Motion for Disqualification is denied.
However, that does not end the matter. This court will disqualify itself for other reasons on its own motion. Firstly, the court believes that the trial court is generally in the best position to decide a question of bad faith because it has seen all the evidence at trial and is familiar with the case. In this case, however, the defendant's motion is premised on bad faith in the original filing of the suit on November 30, 1990, the first day that Attorney Parnoff met his client, and the ensuing eight years of pretrial pleadings, virtually none of which was before this court. Therefore, another judge would be at no disadvantage in reviewing those matters.
Secondly, the trial judge is a Senior Judge and spends nearly half of his time out of state on a regular basis. Further, it appears that this case is going to be vigorously defended and will require the attention of a judge working on a full time basis who can deal with pre hearing motions in a timely fashion. This case should be resolved as quickly as possible and this court's schedule does not allow for that.
If those were the only reasons available for disqualification, this court would not disqualify itself. However, the court is keenly aware of its responsibilities under the Code of Judicial Conduct and in particular Canon 3(c)(1)(A) "Disqualification" which insofar as it is applicable to this matter reads as follows:
 "A judge should disqualify himself or herself in a CT Page 10965 proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."
This court has already made reference to certain charges made by Attorney Parnoff concerning the trial judge, such as ex parte communication with defense counsel, inviting defense counsel to file this motion and some vague claim of bias against Attorney Parnoff arising out of an unrelated tax appeal in which Attorney Parnoff was a party. Those claims, which are contained in his original Motion to Disqualify this court dated August 6, 1999, in his affidavit of July 12. 2001, and his latest affidavit of July 26, 2001, are serious on the one hand, but unfortunately false and without any factual support. This court knows Attorney Parnoff intends to contest the claims of bad faith being made against him and will more than likely become a witness under oath. Although this court would try valiantly to treat Attorney Parnoff fairly and weigh his testimony impartially, it cannot convince itself that its impartiality might not be questioned by others based on Attorney Parnoff's baseless accusations made against it. Therefore, the court will on its own motion disqualify itself from any further action on the Motion for Sanctions and To Vacate Privileged Rulings.
GORMLEY, J.